**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD LEE ENGSTROM,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:24-cr-00378<br><br>District Judge Ann Marie McIff Allen |

This matter is before the Court on Defendant Ronald Lee Engstrom's Motion for Early Termination of Supervised Release. For the reasons discussed below, the Court will deny the motion without prejudice.

On August 2, 2016, Defendant was sentenced to time served, to be followed by five years of supervised release, for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Defendant was released from the Bureau of Prisons and started his term of supervision on August 9, 2023. Defendant has completed approximately 38 months of supervision. On October 13, 2026, Defendant filed his Motion for Early Termination of Supervised Release. The government opposes Defendant's motion.

Defendant states—and his supervising officer confirms—that, throughout his supervised release, he has maintained full-time employment and maintained a suitable residence. He has also successfully completed a substance abuse treatment program. Defendant is responsible for one instance of noncompliance; in May 2025, he tested positive for methamphetamine in violation of the terms of his supervised release. Defendant did acknowledge and accept responsibility for his drug use. Defendant expresses a desire to put the past behind him, move on with his life, and not

make the same mistakes again. Attached to Defendant's motion are five letters attesting to Defendant's remarkable progress, good character, and personal and professional responsibility.

The Court may grant early termination of supervised release for a defendant who has completed at least one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). As part of this analysis, the Court must consider certain enumerated factors laid out in 18 U.S.C. § 3553(a). *Id.*

Considering all these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. Defendant's progress thus far on supervised release is commendable; however, particularly given his relapse in May 2025, the Court believes that continued supervision—and the accompanying support of a probation officer—will be beneficial to Defendant's rehabilitation. The Court will consider another motion for early termination of supervised release from Defendant if appropriate.

Thus, Defendant's Motion for Early Termination of Supervised Release (Dkt. No. 8) is DENIED WITHOUT PREJUDICE.

DATED this 23rd day of October 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge